IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHAEL L. FRANKLIN JR., | |
| Plaintiff, | 8:21CV301 |
| vs. | |
| THE STATE OF NEBRASKA, | MEMORANDUM AND ORDER |
| Defendant. | |

On August 10, 2021, Michael L. Franklin, Jr. ("Franklin"), proceeding pro se, filed a "Motion for Notice to Remove" (hereinafter "Notice of Removal"), which the court docketed as a civil complaint filed pursuant to 42 U.S.C. § 1983 (i.e., a civil rights action). (Filing 1.)[1] Attached to the Notice of Removal are copies of two criminal Informations filed against Franklin in the District Court of Douglas County, Nebraska, on or about November 18, 2020, in Case No. CR20-4010 and Case No. CR20-4011. (*Id*. at CM/ECF pp. 8–9, 17–18.) Additional state court records attached to the Notice of Removal show that Franklin entered pleas of no contest to one count of fraudulent insurance act $1,500 to $5,000 and welfare fraud $1,500 or more, both class IV felonies, on July 28, 2021. (*Id*. at CM/ECF pp. 14 & 23.) Sentencing is scheduled for September 22, 2021. (*Id*.)

Along with his Notice of Removal, Franklin filed a Motion for Leave to Proceed in Forma Pauperis. (Filing 2.) Upon review of Franklin's motion, the court finds that Franklin is financially eligible to proceed in forma pauperis.

---

[1] Upon filing, the Notice of Removal was not signed. (Filing 1 at CM/ECF p. 1.) The clerk of the court entered a Text Notice of Deficiency informing Franklin that the Notice of Removal was considered deficient because it was not signed and directed him to correct the deficiency within 15 days. Franklin corrected the deficiency on August 24, 2021. (Filing 1-1.)

The court further finds that Franklin should be relieved from payment of the filing fee because it appears that Franklin may be attempting to remove his state criminal case to this court pursuant to 28 U.S.C. §§ 1443 and 1455.[2] A filing fee is not required for the removal of a state criminal prosecution to federal court. *See Lefton v. City of Hattiesburg*, 333 F.2d 280, 285 (5th Cir. 1964).

A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1). Further, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

The federal statute governing the removal of criminal prosecutions from state court to federal court provides, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the

---

[2] Franklin's Notice of Removal states that it is brought "pursuant to § 19.2-251 of the Code of Nebraska." (Filing 1 at CM/ECF p. 1.) There is no such provision in the Nebraska Revised Statutes. Rather, it appears Franklin is citing to Va. Code Ann. § 19.2-251 (West) which provides for motions for a change of venue in Virginia state court. The court liberally construes Franklin's Notice of Removal as being brought pursuant to 28 U.S.C. §§ 1443 and 1455.

2

>  equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality," and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614–15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)).

Here, Franklin does not allege he was denied any civil rights on racial grounds or under a federal equal-rights law. Indeed, Franklin fails to allege any facts to explain why he believes removal would be proper. Franklin merely claims that "a fair trial is unlikely" in the District Court of Douglas County, Nebraska, which seems inconsequential as he has already entered no contest pleas and is awaiting sentencing. (Filing 1 at CM/ECF pp. 2, 14, & 23.) Thus, to the extent Franklin is requesting removal of his state criminal case to this court, this matter is summarily remanded to the District Court of Douglas County, Nebraska, because it "appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4).

Moreover, to the extent Franklin's Notice of Removal may be construed as a civil complaint under 42 U.S.C. § 1983, it fails to set forth any plausible factual allegations suggesting a violation of Franklin's constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of

the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.")

IT IS THEREFORE ORDERED:

1. Franklin's Motion to Proceed In Forma Pauperis (filing 2) is granted.

2. To the extent Franklin's Notice of Removal may be construed as a civil complaint, it is dismissed without prejudice for failure to state a claim upon which relief may be granted.

3. To the extent Franklin is requesting removal of his state criminal case to this court, his request is denied, and this case is remanded to the District Court of Douglas County, Nebraska.

4. Judgment shall be entered by separate document and the clerk of the court shall close this file for statistical purposes.

5. The clerk of the court shall send a copy of this Memorandum and Order and of the Judgment to the Clerk of the District Court of Douglas County, Nebraska.

Dated this 10th day of September, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge